UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ERNEST BROOKS,** ) | |
| **Individually and on behalf of all** ) | |
| **others similarly situated,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: _____ |
| ) | |
| **POSTAL FLEET SERVICES, INC.,** ) | |
| ) | **JURY TRIAL REQUESTED** |
| Defendant. ) | |

## COMPLAINT

COMES NOW the Plaintiff, Ernest Brooks (hereinafter "Plaintiff"), and hereby files this lawsuit against the Defendant, Postal Fleet Services, Inc. (hereinafter "Defendant"), for himself and all others similarly situated, pursuant to § 216(b) of the Fair Labor Standards Act (hereinafter "FLSA") and for this cause of action states the following:

### PARTIES

1. The Defendant Postal Fleet Services, Inc. is headquartered in Saint Augustine, Florida and provides mail transportation for the United States Postal Services, conducting business in Alabama. Defendant also operates throughout the United States.

2. The Plaintiff, Ernest Brooks, is over the age of nineteen (19) years and is a resident of Chelsea, Alabama.

3. At all times material to this action, the Plaintiff was employed by the Defendant at its Chelsea, Alabama location.

1

## JURISDICTION AND VENUE

4. This action is brought pursuant to the FLSA, 29 U.S.C. §201 et seq., specifically the collective action provisions of the Act found at § 216(b) for equitable and injunctive relief and to remedy violations of the wage provisions of the FLSA by the Defendant, which has deprived the Plaintiff of his lawful wages.

5. This action is brought to recover any and all unpaid compensation owed to the Plaintiff and all employees and former employees of the Defendant who are similarly situated, pursuant to the FLSA.

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

7. Venue is proper in the Northern District of Alabama under 28 U.S.C. § 1391(b).

8. The Defendant is subject to personal jurisdiction in the State of Alabama for the purpose of this lawsuit.

## STATEMENT OF FACTS

9. The Plaintiff was employed as an Assistant Manager for the Defendant from April-October 2017.

10. Throughout these several months, Plaintiff was tasked with many non-managerial responsibilities outside his training and employment description.

11. The Plaintiff was paid a salary rate of $48,00.00 per year, with no overtime pay for hours worked over forty (40) hours in a single workweek.

12. The Plaintiff regularly worked eighty (80) hours a week, transporting mail for the Defendant.

13. At all times relevant to this case, the Defendant was aware that the Plaintiff performed non-exempt work that required payment of overtime compensation.

14. Although the Plaintiff was hired as an Assistant Manager, he was not allowed to engage in managerial duties.

15. During the Plaintiff's employment with the Defendant, his primary duties included driving hauling trucks to the post office, loading mail into the hauling trucks and transporting the trucks to other post office facilities, the same job description as individuals hired as drivers by the Defendant.

16. Although the Plaintiff was employed by Defendant as an Assistant Manager, he lacked the ability to exercise autonomous authority.

17. The Plaintiff was not able to oversee drivers as required by his job responsibilities.

18. The Defendant's intentional, knowing, and willful violation of federal law has caused the Plaintiff to suffer economic damages.

## **FAIR LABOR STANDARDS ACT CLAIM**

19. The Plaintiff re-alleges and incorporates by reference the allegations contained in Paragraphs 1 through 18.

20. At all times relevant to this action, the Defendant was an "employer" of the Plaintiff as defined by § 203(d) of the FLSA.

21. At all times relevant to this action, the Plaintiff was and is an "employee" of the Defendant as defined by § 203(e)(1) of the FLSA.

22. This action is brought to recover any and all unpaid compensation owed to the Plaintiff and all employees and former employees of the Defendant who are similarly situated,

pursuant to the FLSA. The Defendant regularly requires its assistant managers to work around 80 hours per week for a salaried amount.

23. Due to the amount of time that the Plaintiff was required to transport mail, he performed managerial duties less than ten (10) hours a week.

24. The remainder of Plaintiff's time was spent performing non-managerial functions, including taking hauling trucks to the post office, loading the mail into the hauling trucks and delivering the mail to post offices. These duties did not allow for any autonomous authority on behalf of the Plaintiff.

25. For at least six months prior to October 2017, the Defendant had a uniform policy and practice of requiring its alleged assistant managers to work over forty (48) hours per week for a salaried amount without overtime compensation.

26. The Defendant's practice of exempting the Plaintiff from overtime compensation existed throughout April-October 16, while the Plaintiff was employed as an Assistant Manager.

27. The services performed by the Plaintiff were an integral part of and directly essential to the Defendant's business.

28. Defendants' misrepresentations to Plaintiff, that he is exempt from receiving overtime compensation under § 13(a)(1) of the FLSA, fails to meet several requirements regarding the Plaintiff's job duties:

    a. Plaintiff's primary duty was not managing the enterprise, or managing a customarily recognized department or subdivision of the enterprise;

    b. Plaintiff did not regularly direct the work of at least two or more other full-time employees or their equivalent; and

    c. Plaintiff could not hire or fire other employees, without the approval of the Defendant.

29. The Defendant is aware of the requirements of the FLSA and its corresponding regulations necessary to provide managerial employees with overtime compensation.

30. The Defendant has intentionally and repeatedly misrepresented the true status of managerial compensation to its employees and because of those misrepresentations, the Plaintiff detrimentally relied upon the Defendant's mischaracterization and was unable to determine his true status under the FLSA.

31. The Plaintiff was not paid overtime compensation despite the fact that he worked more than 30 hours a week over the required 40 hours and that the vast majority of those extra hours were spent performing non-exempt job duties.

32. For at least these six months that the Plaintiff was employed as Assistant Manager, the Defendant was aware of its requirements under the FLSA to provide managerial employees with overtime compensation. Despite this knowledge, the Defendant failed to pay the Plaintiff his mandatory overtime compensation as is required by the FLSA.

33. The Defendant's actions in failing to compensate the Plaintiff, in violation of the FLSA, were willful.

34. Defendant has not made a good faith effort to comply with the FLSA.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff, individually and on behalf of all similarly situated, pursuant to §216(b) of the FLSA, prays for the following relief:

    a. That the Plaintiff be award damages in amount of his unpaid compensation and benefits, plus an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b);

b.  The Plaintiff's reasonably attorney's fees, including the costs and expenses of this action; and,

c.  Such other legal and equitable relief including, but not limited to, any injunctive and/or declaratory relief, to which they may be entitled.

## JURY DEMAND

The Plaintiff demands a trial before a struck jury.

Submitted this December 18, 2017.

Respectfully submitted,

*/s/ J. Allen Schreiber*_____
J. Allen Schreiber (ASB-2540-R76J)

*/s/ Lauren E. Miles*_____
Lauren E. Miles (ASB- 3564-T63E)

**SCHREIBER LAW FIRM, P.C.**
6 Office Park Circle
Suite 209
Birmingham, AL 35223
Phone:  205-971-9140
allen@schreiber.law
lauren@schreiber.law

*ATTORNEYS FOR PLAINTIFF*

**SERVE DEFENDANT BY CERTIFIED MAIL:**

**Postal Fleet Services, Incorporated**
2808 North 5th Street
P.O. Box 3106
Saint Augustine, Florida 32084